## (February 24, 1966)

CHISHOLM-RYDER COMPANY, INC., Respondent, v. STATE OF NEW YORK et al., Appellants.— Judgment entered June 14, 1963 unanimously modified on the law and facts in accordance with memorandum and as modified affirmed, with costs to claimant. A certain finding of fact disapproved and reversed and a new finding made. Memorandum: After argument of the State's appeal from an award of damages for a temporary appropriation the case was held and the matter remitted to the Court of Claims for the purpose of fixing the amount of each element of damage (21 A D 2d 748). The supplemental decision of the Trial Judge allowed claimant the sum of $15,000 for the reduced value of the property by reason of installations left thereon by the State. We subsequently determined that the award for this element had not been supported because of failure of proof, and remitted the matter a second time only to allow further exploration as to this item of damage (22 A D 2d 752). After receiving additional proof, the trial court has rendered a second supplemental decision modifying its prior decision and award by eliminating the sum of $15,000 originally allowed for damages occasioned by the installations which were left, concluding that claimant had failed to establish that the removal of the installations left by the State was necessary for the highest and best available use of its property following the termination of the temporary easement or that the property has been reduced in value by reason of the installations. We find that claimant has cured the deficiency in proof which existed at the original trial, by expert testimony fixing a decrease in market value due to the remaining installations. This testimony is entitled to more credence than that of the State's expert negativing such decrease, in view of the fact that the latter witness admitted that he had never examined the subject premises and that he had known of instances when the existence of underground installations had influenced prospective buyers to seek reductions in the purchase price. Since the reduction in market value of the premises by reason of the installations is less than the cost of removal and restoration of the site, claimant is entitled to an award for reduced market value (4 Nichols, Eminent Domain, § 12.5). Testimony of the experts justified an award of $15,000 for this item. The judgment of June 14, 1963 insofar as it awards the sums of $18,500 and $18,491.78 should be affirmed. These sums together with the additional award hereby made in the sum of $15,000 total $51,991.78. (Second supplemental submission on appeal from judgment of Court of Claims, for claimant on a claim for

damages resulting from temporary appropriation of realty.) Present—
Williams, P. J., Bastow, Henry and Del Vecchio, JJ.